## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Bernadette Dimuzio

November 6, 2001

Case No. (Law) 25477

BY JUDGE THOMAS D. HORNE

This case came to be heard upon the petition of Bernadette Dimuzio to have this Court review the suspension of her operator's license by the Commissioner. Va. Code Ann. § 46.2-410.1. Ms. Dimuzio, a juvenile, was notified by the Commissioner that, by reason of a second demerit point conviction, her license was suspended for a period of ninety days effective September 29, 2001, and ending December 27, 2001. Va. Code Ann. § 46.2-334.01. She requests that the Court issue her a restricted license.

Before the Court may accede to her request, she must demonstrate that such suspension is "manifestly unjust" as defined by the statute under which she seeks relief. "Manifest injustice" is defined by the legislature as, "those instances where the Commissioner's order was the result of an error or was issued without authority or jurisdiction, or actually conflicts with a final order of a Court in the Commonwealth." Va. Code Ann. § 46.2-410.1(B). Petitioner suggests a conflict between the order of the Juvenile and Domestic Relations Court and the order of the Commissioner. The centerpiece of her argument is Va. Code Ann. § 16.1-278.10. That section provides: "[i]n cases involving a child who is charged with a traffic infraction, the court may impose only those penalties which are authorized to be imposed on adults for such infractions."

Ms. Dimuzio had her license suspended by the Commissioner for failing to obey a highway sign, a traffic infraction. As this was her second demerit

point violation, he was under a legislative mandate to so act. The judge of the Juvenile and Domestic Relations Court similarly followed the direction of the General Assembly and took no action to impose a penalty in excess of that provided for an adult convicted of a traffic infraction. Thus, while the court did not suspend the license of the petitioner, the commissioner did. Petitioner suggests this conflict in orders is the harbinger of manifest injustice that is the linchpin to granting her a restricted license. This Court disagrees.

If the provisions of the two statutes in question can be harmonized, then it is the responsibility of the Court to do so. The Court is of the opinion that they can be reconciled. Court imposed penalties for traffic infractions are penal in nature. They serve to deter and punish drivers who violate the rules of the road. The instant administrative license suspension by the commissioner is primarily remedial in nature. It is a reflection of the legislature's concern for young drivers and the public safety. There is no conflict between the permitted punishment that may be imposed by the court and the administrative action of the commissioner. See, *Brame v. Commonwealth*, 252 Va. 122 (1996). Accordingly, the Petition is denied.